# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1563
_____

United States of America

*Plaintiff - Appellee*

v.

Louis Edward Curtis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: January 10, 2022
Filed: May 16, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Louis Edward Curtis was sentenced to twelve months and one day of imprisonment and ten years of supervised release for failing to register as a sex offender in violation of 18 U.S.C. § 2250. Curtis was released from prison in 2013. Curtis committed numerous violations of the terms of his supervised release in the ensuing years, including sending nude pictures of himself to others, possessing and

viewing pornography, having unapproved contact with minors, and regularly engaging in public sex acts. These infractions led to modifications of the terms of his supervised release but no additional prison time.

In March 2021, Curtis admitted to committing five additional violations of his supervised release conditions. These violations involved using prohibited technology and equipment, failing to comply with sex-offender registry requirements, and possessing pornography. The district court[1] revoked Curtis's supervised release and, after calculating a United States Sentencing Commission Guidelines Manual ("Guidelines") advisory range of twelve to eighteen months, imposed a sentence of fifteen months of imprisonment and two years of supervised release. Curtis appeals, arguing the sentence is substantively unreasonable.

We "review the imposition of sentences, whether inside or outside the Guidelines range, [under] 'a deferential abuse-of-discretion standard.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008)). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *Id.* (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)). "[W]e presume that a within-Guidelines sentence is reasonable[.]" *United States v. Mitchell*, 2 F.4th 786, 790 (8th Cir. 2021). And "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Brown*, 992 F.3d 665, 673 (8th Cir. 2021) (quoting *Feemster*, 572 F.3d at 464).

---

[1]The Honorable Stephanie M. Rose, then United States District Judge for the Southern District of Iowa, now Chief Judge.

The district court did not abuse its discretion in imposing the within-the-Guidelines-range sentence. Curtis contends the district court failed to consider that his supervised release had been "largely successful," his violations were not particularly serious, and he no longer threatened public safety. Not so. The district court considered the record and Curtis's arguments before explaining why it viewed Curtis's performance on supervised release and the seriousness of his violations and past offenses differently than Curtis did. Specifically, the district court found Curtis had engaged in a "consequential amount of . . . deviant sexual behavior" while on supervised release and had been "caught over and over again with devices and viewing pornography[.]" In light of his past crimes and this "string" of violations for which he had previously been "given a complete pass" before culminating with an additional five new violations, the district court believed Curtis posed a risk to public safety. Thus, after considering the relevant factors under 18 U.S.C. § 3553(a) and the recommended Guidelines range, the district court determined it was time to revoke Curtis's supervised release and impose a within-the-Guidelines sentence. There is no basis to disturb the district court's decision.[2]

_____

[2]We reject Curtis's contention that the district court failed to adequately consider the effects of the COVID-19 pandemic when imposing his sentence. *Cf. United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (explaining that in the compassionate release context, "the threat of contracting COVID-19 in the prison environment . . . is not by itself sufficient reason to modify a lawfully imposed prison sentence").